May it please the Court. Good morning. My name is Chris Helmick. I'm counsel for Defendant and Appellant Farmers of North America. With the Court's permission, I'd like to reserve three minutes for rebuttal. This case asks a simple question. When parties... What is your name, sir? Chris Helmick. Oh, thank you. Sure. I have it here. Thank you. ...asks a simple question. When parties enter a contract and say that their disputes will be resolved by arbitration in accordance with the rules of the AAA, the American Arbitration Association, does that simple statement require the parties to actually present their demand for arbitration to be administered by the AAA? We think the answer is an unequivocal yes. Where's the cases that hold that? Well, that's the interesting thing, Your Honor. I see. Where are those cases? Well, there is one directly on point from the California Appellate Court. That's Maggio. And the Ninth Circuit and Cox also deals with it. But interestingly, this issue rarely comes about. In this court, for example, there's only been one case where one report... Excuse me. One case, it is an unreported case that I disclosed in the reply brief, Luggio, where the arbitration agreement provides for two different panels of arbitrators depending on the dispute. And the judge was asked to choose between the two. The judge chose, and the losing party appealed to this court, and the court resolved the issue. But this doesn't happen very often. And so there's an absence of authority, and the absence of authority is not itself authority. So the proposition that you put forth that because the rules say, or because the contract says we're going to apply AAA rules, it's not uncommon for parties to incorporate rules or concepts outside of their agreement. But that doesn't necessarily determine that AAA has to be the arbitrator. Fair point. There are other arbitration rules that parties can choose to apply, uniform rules of arbitration, different rules. And courts do this with applying state rules versus federal rules. It just doesn't seem that the language is anywhere close to a mandatory requirement that AAA be the forum. It's a fair point, Your Honor. And these parties in an employment contract could have agreed to adopt any set of rules, but they chose the AAA rules, and the AAA rules. And so what happens, the error that the district court made is that the district court said, I will look at one rule, rule three, that says if a party agrees to arbitrate pursuant to AAA, they consent to AAA administration. It says they authorize the AAA. They authorize the AAA. But that doesn't say that AAA has to do it. It simply says that if we use AAA's rules, that's an arbitrator we can use. But it doesn't say that the parties are obligated to go to AAA. I don't see anything in it that prevents the parties from choosing to use a different arbitrator. So now you get, Your Honor, that fair point. You get to the issue that's discussed in, say, Fallow versus High Tech, where this court talks about basic contract interpretation principles. When you incorporate a set of rules like this, it's incorporated in hoc verba, as if it's completely written out. And then the most rudimentary task is to read the rules together, read the contract together, to harmonize it so that there are no ambiguities and that the contract works for itself. Now, what the district court didn't do is read the entire rule three, first of all. So rule three goes on to say AAA will then assign the arbitration to one of AAA's offices. But it's even more fundamental than that. When you're applying the rules, rule four says that when you want to initiate an arbitration, the claimant has to file their demand with AAA. What was the last statement you made about assignment? At the end of rule three, it says that after it says that the parties authorize AAA to administer, it goes on to say that AAA will then assign. It says that AAA may assign. Okay, may assign. But that's still, and if the AAA assigns it to somebody outside of AAA's office, it could do that. I don't dispute that. But that doesn't then take AAA out of the administration rule. The arbitrator could be from JAMS with no affiliation with AAA. The issue here, though, is AAA has to be an integral part. The process starts with AAA. The rules have to be a central part, but I don't see anything in the agreement that required AAA itself to be a central part. Well, for example, Your Honor, the defendant's or the respondent's response is triggered based off of AAA's notice. If the parties can't agree on an arbitrator, AAA will select the arbitrator. The reason these rules and AAA's administration is relevant and substantive to my client is because AAA will come forward with its own panel of arbitrators. My client and I are not from the area, and so we depend on getting a substantial panel that is provided and vetted. But more importantly, AAA also, if you're in an arbitration that's administered by AAA and you disagree with how the arbitrator is applying a rule, you can appeal to AAA itself. AAA has mechanisms to monitor the arbitration. The AAA can adjust the fees that the arbitrator provides. They can adjust the administrative fees itself that it charges. Counsel, before we take up all your time, I have another important inquiry I want to make, and that is how do we have jurisdiction of what amounts to no denial of arbitration? The court didn't deny arbitration. So why did we even have jurisdiction of this issue? The same way that this court had jurisdiction to decide Lugiel versus Kostel 25 years ago, the court is ordered in Section 4 says that the court must order arbitration consistent with the party's agreement. And so if the court orders arbitration before a forum or a venue that is inconsistent with the party's agreement, then the court is not ordering arbitration consistent thereof. Counsel, isn't there simply a stay of proceedings in the court below? There is right now, yes, Your Honor. So there's no final decision? This isn't a final decision. In Lugiel, it was an interlocutory appeal to decide whether or not the court correctly selected the right panel. And this court said, we have. An issue in dispute at the time was whether this court had appellate jurisdiction, and this court said, yes, we do, to ensure that the court was complying with Section 4, and I would argue also Section 206 of Title IX, that the court has to order arbitration consistent with the party's agreement. And I think when you read the contract and the rules together to harmonize them, there is no ambiguity. AAA, I concede, Your Honor, you could, AAA could assign an arbitrator that has nothing to do with AAA, but that doesn't mean that the AAA is out of the administration. In fact, the AAA continues the process all the way to the end, regardless of who the arbitrator is. And in fact, even under AAA rules, we could agree to appoint a non-lawyer arbitrator, but AAA would still be administering and still providing the substantive rights that we bargained for. One quick question. What was the purpose of the district court's December 27, 2017, order about the status report? What have you done since then? There was a request for a status report, and we did provide a status report, and we told the court, we told the district court that we were appealing, and we filed the notice of appeal, I think, on the same day. And the court, and then we asked for the stay, and I believe that opposing counsel and I have been in compliance. Well, my point is, does that suggest the district court may reconsider its decision? It might. And if it does, would we be issuing an advisory opinion? No, because your review is de novo. When you would interpret the contract, that's a de novo review. Now, of course, you could remand it for the district court to reconsider. There is no, of course, there's no real rule for a motion for reconsideration. I understand that it. I'm not suggesting that, but I'm just sort of a follow-up to the chief's question about do we have jurisdiction at all. Thank you for your answer. Thank you. Thank you, Mr. Helpman. Mr. Harding. May it please the court. I am truly honored to be here on behalf of my client, James Webb. And I have to tell you, sometimes in thinking about this case, especially now after hearing arguments of the appellant, I feel as though we are two ships passing in the night, because the reality in my mind is that I'm talking about a different contract. I'm talking about an employment contract. That's what the court considered when it issued its order of October 10, 2017, when it determined that there was ambiguity in the 68 words that made up the arbitration agreement and determined that if the drafter of the agreement, the employer, wanted AAA to administer this arbitration, it should have said so, so that when Judge Guyton ordered private administration, there was nothing wrong with it. And that's why I urge the court to follow his directive, to uphold his order. There's nothing wrong with private arbitration. There's nothing here that compels AAA to stick its foot in the middle of it. The parties could agree on having a private arbitration. That's exactly what we've been trying to do. However, the employer seems to want to contend that. In fact, it's made it very clear that what they really want to do is run up costs, want to drive my client, Mr. Webb, financially to the point where he gives up his cause, so that he's forced to reconsider even pursuing his severance claim and backing away from it and foregoing his entire case. He's put that very clearly before you. It's included in the appendix that we filed. That's the real motivation here. And let's also be very clear. This employer intends to hold this court hostage. He's virtually told you so. That's why he's bothered to point to an old case from 2000, the hugs and kisses case. Well, counsel, let me ask you about that. If you proceed with this with the non-AAA arbitrator, doesn't your client run the risk of having any award he received vacated? Well, that's where I hope that this court would make their decision very clear to the employer. Assuming we have jurisdiction. Well, that is an issue I raised. I questioned whether there was jurisdiction, because I didn't see anything in the response that counsel wrote to the judge, to Judge Gaitan, that would have raised jurisdiction for such an action that we're here on. But presuming you have jurisdiction, I would hope that you would make a very clear statement directing them to participate. In this mediation, or pardon me, in this arbitration. Because otherwise, we are going through academic exercises. First, in determining that arbitration, if we're going to compel it, is not the purview of these private organizations that exist to administer arbitrations. Private arbitrations is legal. It's effective. It's permitted. And that second, that parties, if they elect to do so, and these are beautiful words that the Supreme Court wrote, I can't tell you how long ago, but I know that this court has adopted it time and time again, it's a matter of consent and not coercion. And that's how it should be. Counsel, when your client agreed to arbitrate pursuant to the rules of the AAA, doesn't that include Rule 3, which allows the AAA to administer the arbitration? Your Honor, I believe that what my client agreed to was the language held in his employment contract. And it didn't say by the rules, it said pursuant to the rules. And that language is very murky. And that's why I can't tell you that included Rule 3 or 4 or 6 or what. Okay? And I hate to say that flippantly. I can't exactly tell you what he agreed to because those 68 words barely state, in my mind, an arbitration agreement. But the court found it, and it said that it's broad, and we'll leave it to the arbitrator to determine its validity. And we intend to leave that to the arbitrator to determine its validity and what rules it does include. I hope that answers your question. Anyway, as I was saying, arbitration should be a matter of consent and not coercion. And that's how I feel the employer, the appellant in this case, is trying to direct this. The district court has made its position very clear. The employment agreement has ambiguity in it, including in these 68 words that has created the arbitration language. And it's held it against the drafter. And that's why it said, in its own language, if it intended to have AAA administer this, it should have said so. I think that's the end of the story on this issue. Well, counsel, if it's not AAA... Pardon me? If it's not AAA, who decides who the arbitrator is going to be? It sounds incumbent from the language that the parties would need to agree. Yes, sir. Has there been any discussion as to how these parties can agree? And it doesn't sound like you've been able to do very much of that throughout this dispute. So would it then fall on the court? Or would one of you seek court authority to decide who the arbitrator is going to be? That's going to be up to you parties to work out. Yes, sir. And that's why I really pointed to the hugs and kisses case as a sense of why I asked for, if the court were to find that it had jurisdiction, ask for a clear and direct statement. I think Judge Gaitan recognized that in its order when it directed us to cooperate. And I think that's what would be involved. I tried to do that when I made a recommendation on an arbitrator. But I have to tell you, I only made a suggestion of one person. Is this fight over cost or the form? I mean, are you fighting for where you're going to fight or are you fighting over how much it's going to cost? No, we're just fighting to fight. And I don't mean that to sound flip. Because I understand the case has basically been in suspense for over a year. Yes, it's disgusting. The whole concept of arbitration as opposed to litigation is to move things promptly. But your case is going nowhere. And I'm terribly upset about that and so is my client. I'm more than anxious to advance this case. Well, let's approach it this way. Suppose we say that we have jurisdiction. We affirm Judge Gaitan's ruling which held that the parties have to agree upon an arbitrator. You go back down below and you can't agree. Then do we get another appeal? No, I would presume Judge Gaitan would direct us in a fashion that would create a panel. He'd either submit one to us. He appoints a panel. You appoint a panel that the two of you can't agree upon. Well, that is a fiction. Because while Mr. Helmick is from California, what he fails to mention to you is that he has very able local council, a very distinguished— I don't care how—well, I shouldn't put it that way. They are a very distinguished labor and employment firm. Suppose they can't agree with you. They're on the other side of it. Then do we get another appeal? I am an agreeable person. We can work something out. I don't know if I would want to write that in a pen. You have jurisdiction because you're an agreeable person. I'd like to think that we can work something out. I would, too. I was hoping you would have it worked out before you got here, but apparently— Believe me, I would try. I'd like to think that reasonable minds can find a way of getting something resolved. And it is my intent to try to advance this case. Thank you, Mr. Harding. Thank you, Your Honors. Mr. Helmick, does he have any time remaining? No. All right. Well, the court wants to thank both counsel for coming today for this argument, providing answers to our questions and engaging us on a very interesting case. We'll take the case for an advisement and render a decision in due course. Thank you both.